IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 3:21-cr-11 |
| | ) Judge Stephanie L. Haines |
| CHARLES TRIPLIN | ) |

**MEMORANDUM OPINION**

Pending before the Court is the Government's Appeal (ECF No. 14) of Magistrate Judge Pesto's June 25, 2021 Order Setting Conditions of Release (ECF No. 16) as to Defendant Charles Triplin ("Defendant"). For the reasons set forth below, the Court will GRANT the Government's Appeal (ECF No. 14), REVERSE and VACATE the order of release (ECF No. 16), and ORDER that Defendant be detained pending trial.

**I. Background**

On June 21, 2021, Defendant was charged in a criminal complaint with attempt or conspiracy to possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl or 100 grams or more of a mixture or substance containing a detectable amount of any analogue of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vi) (ECF No. 1).

Defendant was arrested on June 21, 2021 and made his initial appearance on June 22, 2021 before Magistrate Judge Keith A. Pesto (ECF No. 11). Magistrate Judge Pesto ordered that Defendant be detained pending a detention hearing (ECF No. 12). The detention hearing took place on June 25, 2021, and Magistrate Judge Pesto presided over Defendant's detention hearing (ECF No. 15). At the hearing, testimony was heard from a Task Force Officer from the Cambria County Drug Task Force, Detective Thomas Keirn, and Defendant's proposed third-party

1

custodian, Barbara Jeffrey. The Government presented evidence that: (1) Defendant attempted to possess with intent to distribute 400 grams or more of fentanyl that contained approximately 10,000 pills in a United States Postal Service ("USPS") parcel that was subjected to a controlled delivery at 401 Oak Street in Johnstown, PA ("residence") on June 21, 2021; (2) at the time the search warrant for the residence was executed, Defendant was present, having arrived there 20 minutes after the controlled delivery, and had $1,900 - $2,000 in cash, marijuana, and two cell phones on his person, as well as two additional cell phones seized in the residence that were attributable to Defendant; (3) after receiving Miranda warnings, Defendant made incriminating statements, including that he was getting paid to pick up the parcel, and a statement exonerating the home owner of any wrongdoing; and (4) a search of the cell phones, including one belonging to the homeowner, which she gave consent to search, revealed Defendant orchestrated the parcel delivery beginning on approximately June 12, 2021 (ECF No. 33 at pp. 2-3).

In addition to the evidence presented by the Government at the hearing, the Pretrial Services Office prepared a report for use at the detention hearing. This report details how Defendant has been arrested on at least nine occasions between 1995 and 2020. A felony drug trafficking conviction in 1997 resulted in a sentence of 70-84 months in jail. His tenth, and current arrest in June 2021, has resulted in the instant drug trafficking charge which carries a 10-year mandatory minimum sentence. The report also revealed that Defendant has a lack of familial, residential, community, employment, property, and financial ties to the Western District of Pennsylvania.

Defendant's counsel contended the Government's evidence suggested Defendant was a courier, rather than an organizer, of the narcotics at issue in this case (ECF No. 17 at p. 22). Defendant's counsel also emphasized the following points: (1) Defendant did not resist arrest; (2)

Defendant was not in possession of any weapons at the time of his arrest; (3) Defendant's previous felony was from an incident that occurred in 1995; (4) other than small amounts of marijuana, there were no other drugs in the house; and (5) Defendant had family in the Johnstown area, and an adequate release plan to his cousin, third-party custodian Barbara Jeffrey. *Id.* at pp. 22-23.

In support of Defendant's proposed release plan, Barbara Jeffrey, Defendant's cousin, testified at the hearing. Ms. Jeffrey stated she is 65 years old, retired, and living with her husband, Robert Jeffrey, age 87, in Johnstown, Pennsylvania (ECF No. 17 at p. 16). She also stated she would act as a third-party custodian of Defendant and assured the Court she would report any violation of Defendant's conditions of release (ECF No. 17 at p. 28).

At the close of the hearing, Magistrate Judge Pesto denied the Government's request to detain Defendant pending trial and found there were conditions that could be imposed that would reasonably assure the safety of the community and Defendant's appearance at trial. The Government indicated its intention to appeal that finding, and on that same date, filed its appeal (ECF No. 14). Magistrate Judge Pesto stayed his decision pending disposition of the instant appeal before this Court (ECF No. 15).

On July 13, 2021, a federal grand jury in the Western District of Pennsylvania returned a one-count indictment charging Defendant with attempt to possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi), and in violation of 21 U.S.C. § 846 (ECF No. 22). Pursuant to this Court's scheduling order (ECF No. 31), the Government filed its Brief in Support of Appeal from Order of Pretrial Release on August 6, 2021 (ECF No. 33), and on August 13, 2021, Defendant filed his Response to Government's Appeal from Order of Pretrial Release (ECF No. 34). The exhibits to Defendant's

Response were filed on August 19, 2021 (ECF No. 38). The Court has thoroughly reviewed the Government's Brief in Support of Appeal from Order of Pretrial Release on August 6, 2021 (ECF No. 33), Defendant's Response to Government's Appeal from Order of Pretrial Release (ECF No. 34) and the exhibits thereto (ECF No. 38), the Transcript from the June 25, 2021 Detention Hearing (ECF No. 17), and the Pretrial Services Report.

## II. Standard of Review

Review by a District Court of a United States Magistrate Judge's decision regarding pretrial detention is governed by 18 U.S.C. § 3145, which states in pertinent part:

> (a) Review of a release order.--If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—
>
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release…
>
> The motion shall be determined promptly.

18 U.S.C. § 3145(a)(1). Since this Court has original jurisdiction over the charged offenses set forth in the criminal complaint and indictment in this case, in conducting its review of the motion for revocation, this Court applies a *de novo* review. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). The Court is not required to hold an independent evidentiary hearing and may incorporate the transcript of the proceedings before the Magistrate Judge, including any exhibits admitted therein. *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994).

There is a presumption of detention in cases, such as this one, where the defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. §§ 801-904), so long as "the judicial officer finds that there is probable cause to believe that the person committed" said offense. 18

4

U.S.C. § 3142(e)(3). A defendant may rebut the presumption of detention by presenting "some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). "The defendant's burden of production is relatively light and has been construed as easy to meet." *Chagra*, 850 F. Supp. at 357 (internal citation omitted). If the defendant rebuts the presumption, the burden is on the government to establish that the defendant presents either a risk of flight or a danger to the community. *Id.* In "determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court must "take into account the available information concerning" the following:

> (1) the nature and circumstances of the offense charged…;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and,
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C. § 3142(g).

### III. Analysis

In the report prepared by the Pretrial Services Office, the "Assessment of Danger" portion of the report set forth the following as reasons that Defendant poses a risk of danger:

- Nature of Instant Offense

- Prior Arrests and Convictions
- Substance Abuse History
- History/Charge Involving Violence
- Pattern of Similar Criminal Activity History
- Criminal History

While Pretrial Services recommended that Defendant be released under the supervision of third-party custodian Barbara Jeffrey, such release recommendation lacked the benefit of the evidence presented at the detention hearing, including additional evidence relating to the charge against Defendant and the danger Defendant poses to the community.

**A. Presumption of Detention**

The presumption of detention applies in this case. The Government made a preliminary showing that Defendant committed an act that triggers the presumption of detention, and accordingly, at the June 25, 2021 detention hearing, Magistrate Judge Pesto made a finding of probable cause (ECF No. 15). Additionally, after being presented with the evidence, a grand jury found probable cause and returned a single-count indictment against Defendant for attempting to possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (ECF No. 22). Such a charge carries with it a 10-year mandatory minimum penalty and a maximum penalty of up to life imprisonment, and the indictment alleging a violation of the Controlled Substances Act also satisfies the probable cause element in 18 U.S.C. 3142(e). *See United States v. Suppa*, 799 F.2d 115 (3d Cir. 1986).

Since the presumption of pretrial detention has been triggered in this case, Defendant bears the burden of producing some credible evidence to rebut this presumption and support his contention that he will appear in court when required and that he does not pose a danger to

community safety. After careful consideration of the detention hearing transcript, exhibits, and briefings of counsel, the Court finds that Defendant has not met his burden of production of proof such that the presumption that he should be detained has been adequately rebutted.

### B. Section 3142(g) factors

A review of the Section 3142(g) factors further demonstrates that detention is warranted in this case.

#### 1. Nature and Circumstances of the Offense

Defendant has been charged with a serious drug trafficking offense which authorizes the significant penalty of a mandatory minimum ten-year sentence and a maximum of life imprisonment. Defendant was in receipt of a package containing 10,000 misbranded dosage units of fentanyl, a highly dangerous drug. According to the Government, these pills were blue and stamped "m30," thereby resembling the color and marking consistent with pharmaceutical grade oxycodone hydrochloride, creating the possibility that a purchaser of the pills would be ingesting fentanyl believing it was oxycodone. Defendant's role in the movement of a massive quantity of disguised fentanyl pills, triggering the 10-to-life statutory penalty provision, weighs in favor of detention.

#### 2. Weight of the Evidence

The weight of the evidence against Defendant is strong. At the June 25, 2021 hearing, the Government presented evidence, including testimony from Detective Keirn, that showed overwhelming evidence of Defendant's role as, at a minimum, a facilitator in the trafficking of roughly 10,000 misbranded fentanyl pills. While Defendant contends the evidence shows he was only acting as a drug mule, this argument does not diminish or disprove the weighty evidence against him. Likewise, on July 13, 2021, a federal grand jury heard the evidence against Defendant

and returned an indictment based upon such evidence. This factor also weighs in favor of detention.

3. **History and Characteristics of the Defendant**

In his brief, Defendant states he is a 44-year-old man who was born in Johnstown, Pennsylvania, with extensive familial ties and support in Johnstown (ECF No. 34 at p. 7). He also states he does not struggle with mental health or have a substance abuse issue that would make him unlikely to appear in Court or act violently. *Id.* He acknowledges he was criminally charged on many occasions, but contends the charges rarely resulted in convictions, except for minor offenses. *Id.* As to his prior 1997 felony drug conviction involving trafficking cocaine, Defendant points out this incident occurred when he was 18 years old. *Id.* Defendant has also produced numerous letters from family members expressing Defendant is an integral member of their family (ECF No. 38).

Defendant's criminal history shows he was arrested at least nine times between 1995 and 2020, including the 1997 felony drug trafficking conviction for which he was sentenced to 70-84 months (ECF No. 33 at p. 3). While his prior felony drug trafficking conviction is dated, at the time of his involvement with his current charge for the movement of 10,000 misbranded fentanyl pills, he was a convicted felon who had already served a substantial amount of time in prison for his cocaine trafficking endeavors. He also currently has no verified employment, residence, or ties to Western Pennsylvania according to the Pretrial Services Report. At best, he has demonstrated only tenuous ties to the community. This factor also weighs in favor of detention.

4. **Nature and Seriousness of the Danger Posed**

Defendant is charged with a serious drug trafficking offense. "The statutory language as well as the legislative history [of the Bail Reform Act], unequivocally establishes that Congress

8

intended to equate traffic in drugs with a danger to the community." *United States v. Strong*, 775 F.2d 504, 506 (3d Cir. 1985); *see also United States v. Rice*, No. 17-1450, 2017 U.S. Dist. LEXIS 204787, at *7 (W.D. Pa. Dec. 13, 2017) ("Safety of the community is implicated not only by violence, but also by narcotics trafficking. In cases involving drug offenses, the danger to the community is the likelihood that the defendant will, if released, traffic in illicit drugs.").

The Court's *de novo* review of the record before the Court reveals Defendant was intending to receive a package containing 10,000 misbranded dosage units of fentanyl; Defendant has a criminal history (including a prior drug trafficking conviction); and Defendant has tenuous ties at best to this community. The Court finds particularly troubling the evidence that the 10,000 fentanyl pills Defendant possessed were misbranded to resemble pharmaceutical grade oxycodone hydrochloride, creating the very real possibility that a purchaser of the pills would be ingesting fentanyl believing it was oxycodone. Defendant's proof of family and community ties simply does not rebut the evidence showing Defendant poses a serious threat to the community. This factor also weighs in favor of detention.

### IV. Conclusion

In conducting a *de novo* review, and in weighing the statutory factors in light of the evidence and testimony introduced at the June 25, 2021 detention hearing, the evidence of record, the Pretrial Services Report, and the arguments briefed by counsel before the Court, the Court finds Defendant has not overcome the presumption of detention. The Court further finds there is clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of others if Defendant was released.

Accordingly, the following Order is entered:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 3:21-cr-11 |
| | ) | Judge Stephanie L. Haines |
| CHARLES TRIPLIN | ) | |

## ORDER

AND NOW, this 26th day of August 2021, for the reasons set forth in the accompanying memorandum opinion, IT IS HEREBY ORDERED that the Government's appeal from the Magistrate's order of pretrial release (ECF No. 14) is GRANTED.

IT IS FURTHER ORDERED that the order of release (ECF No. 16) entered by Magistrate Judge Pesto is REVERSED and VACATED.

IT IS FURTHER ORDERED that the Defendant, CHARLES TRIPLIN, SHALL BE DETAINED in the custody of the United States Marshal pending trial.

Stephanie L. Haines
United States District Judge